# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 146 | **DATE** | 5/3/2011 |
| **CASE TITLE** | Dobbey vs. Randle, et al. | | |

**DOCKET ENTRY TEXT**

Status hearing held. Plaintiff Dobbey appears by telephone. Plaintiff's motion for clarification and objection [23] is denied. The motion to dismiss filed on behalf of Defendants Hardy, Miller, Ramos, Randle, and Thompson [27] is taken under advisement. Plaintiff is given until 6/27/2011 to file a response to the motion to dismiss; Defendants are given until 7/18/2011 to file a reply. Plaintiff's renewed motion for default [32] is denied without prejudice. The Clerk of the Court is instructed to issue an alias summons for Defendant Patterson and the United States Marshals Service is appointed to serve Defendant Patterson pursuant to the instructions set forth below.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pro se plaintiff Lester Dobbey is a prisoner at the Stateville Correctional Center. He has filed a complaint [1] pursuant to 42 U.S.C. § 1983 alleging that he was improperly denied proper eyeglasses for several months causing him unnecessary pain and headaches. The Court performed an initial review of the complaint pursuant to 28 U.S.C. § 1915A and issued an order [4] allowing Plaintiff to proceed on his complaint and directing that summonses issue for service on Defendants. Pending before the Court are several motions: (1) Plaintiff's motion for clarification and objection to the Court's March 25, 2011 order [23], (2) Defendants' motion to dismiss the complaint [27], and Plaintiff's renewed motion for default [32].

By way of relevant background, on January 25, 2011, the Court issued an order [4] granting Plaintiff IFP status and appointed the U.S. Marshals Service to effectuate service of process on Defendants. On March 11, 2011, the Marshal filed returns of service [7, 8] reporting that service was executed on Defendants Randle and Miller. On March 21, the Marshal reported service executed as to remaining Defendants Ramos, Thompson, Hardy, and Patterson on March 21, 2011 [see 10, 11, 12, 13].

Upon closer review of the docket, the Court recognized that there was a potential problem with the service as to at least some of the Defendants. The March 21st returns of service for Ramos, Thompson, Hardy, and Patterson — although reported as executed service — stated only that the summonses had been sent by certified mail to Joliet, Illinois. The Court's understanding is that the U.S. Marshals Service will mail a waiver of service by certified mail. This understanding is consistent with the filing of waivers of service for

| STATEMENT |
|---|

Defendants Hardy and Ramos on April 6, 2011 [21, 22] and for Defendant Miller on April 15, 2011 [see 31].

On March 25, 2011, on its own motion, the Court issued an order [15] addressing the service issue. The Court recognized that the docket read that the summonses for all six defendants had been reported as returned executed with a corresponding date for the answer or other response of March 7, 2011. (*Id*.). However, as a result of the uncertainty as to the effectiveness of the service, the Court extended the date for all defendants' to answer or otherwise respond to April 15, 2011. (*Id*.).

Plaintiff then brought two motions [see 16, 19] for default judgment arguing that service had been effectuated and that no answer or response had been filed within the 20 day period. The Court denied the motions without prejudice [see 18, 24], explaining that it had extended the time for the response to April 15, 2011. See Fed. R. Civ. P. 6(b)(1)(A); Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1346 (3d ed. 2010) (explaining that Court may extend time for responsive filing). The Court also instructed that a copy of March 25, 2011, April 5, and 14, 2011 orders regarding the service and default issues be mailed to the Office of the Illinois Attorney General.

In regard to Plaintiff's motion for clarification [23], the Court stresses that it has not "appointed" the Office of the Illinois Attorney General or any other lawyer to represent Defendants. Rather, in the interest of avoiding any delay in moving the case forward, the Court simply provided notice of its prior three orders to the Attorney General's office because that office often represents state employee defendants in cases such as this one. As counsel for the five IDOC employee Defendants (who filed the motion to dismiss on behalf of those Defendants) noted at the April 27 motion and status hearing, the Attorney General's office has entered an appearance on behalf of those Defendants because they requested representation. However, the Attorney General does not represented Defendant Patterson, who apparently is employed by Wexford Health Services, Inc., an independent contractor that provides medical services for state prisoners. The Court takes no position on who should represent Defendants.

Any suggestion by Plaintiff that he is entitled to a default judgment at this early stage of the case is misplaced. Default judgment is "used only in extreme situations" and is viewed as a "last resort, appropriate only when a party wilfully disregards pending litigation." *Sun v. Bd. of Tr. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citing *C.K.S. Eng'g, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)). It is the "biggest weapon in the district court's armory. It may be used to bring recalcitrant litigants to heel or penalize tactics designed to cause substantial prejudice to the adversary." *Mommaerts v. Harford Life and Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007) (citations omitted). The Court may not enter a default judgment against a party that was not properly served because proper service is a prerequisite to the Court exercising personal jurisdiction over a defendant. *Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010). The Court also has discretion in determining whether to enter a default judgment. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 598 (7th Cir. 2007).

In this instance, the Court was presented with a situation of six Defendants who were served by the U.S. Marshals Service with what appears to be varying levels of effectiveness. Service on Defendants Ramos, Thompson, Hardy and Patterson clearly was not effective personal service because the return of service stated that it was sent by certified mail. And even though service appeared to be proper as to Defendants Randle and Miller, the Court concluded that jumping to default judgment as the first step would be inappropriate. As explained above, default is a last resort.

Given the uncertainties concerning service, the Court extended the deadline for all Defendants to answer or respond, set the case for status, and provided a copy of its orders to the Illinois Attorney General's Office

| STATEMENT |
|---|

with an eye toward resolving the service issues and moving the case forward promptly. That has occurred for five of the six Defendants (all except for Patterson); counsel has appeared and filed a motion to dismiss on grounds other than the effectiveness of service. See *O'Brien v. R.J. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1399 (7th Cir. 1993); FED. R. CIV. P. 12(h)).

Because Defendants' motion to dismiss was filed on the deadline (April 15, 2011), Defendants' motion crossed in the mail with Plaintiff's new motion for default [32]. That motion for default is denied without prejudice because five of the six Defendants have appeared and responded by April 15, 2011 and it does not appear that service was properly effectuated as to the sixth Defendant (Patterson). Because Patterson is not an IDOC employee, but rather is an independent contractor employed by Wexford, any attempt by the Marshals to serve Patterson by sending the complaint and summons by certified mail to Stateville would not suffice. And because certified mail is not effective service and IDOC is not authorized to accept service on behalf of Wexford employees, the Court may not enter a default against Defendant Patterson at this time. Instead, the Court will direct the Marshals Service to attempt personal service on Defendant Patterson.

The Clerk of the Court is instructed to issue alias summons for Defendant Patterson and the United States Marshals Service is appointed to serve Defendant Patterson. Any service forms necessary for Plaintiff to complete will be sent by the Marshals Service as appropriate to serve Defendant Patterson with process. The Clerk also is requested to provide a copy of the complaint with the summons to the U.S. Marshals Service. The U.S. Marshals Service is directed to make all reasonable efforts to serve Defendant Patterson. If Patterson is a former employee of Wexford Health Source, Inc. who can no longer be found at the work address provided by Plaintiff, Wexford Health Service, Inc. shall furnish the Marshal with Defendant Patterson's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant Patterson in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service. The waiver of service shall be mailed care of Wexford Health Service, Inc., Foster Plaza 2, 425 Holiday Drive, Pittsburgh, PA 15220.

As to the other Defendants, at the April 27 hearing, the Court set the following briefing schedule on Defendants' motion to dismiss: Plaintiff's response due by 6/27/2011; Defendants' reply due by 7/18/2011. The Court will issue a ruling by mail on the motion to dismiss.