# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0146 | **DATE** | 2/5/13 |
| **CASE TITLE** | Lester Dobbey (R16237) vs. Michael P. Randle, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to strike [150] is denied. Plaintiff may file his reply in support of his summary judgment motion by no later than February 22, 2012. The Court will consider all matters fully briefed after the filing of Plaintiff's February 22, 2012 reply.

■[ For further details see text below.]   Docketing to mail notices.

**STATEMENT**

Plaintiff's motion to strike Defendants' response to Plaintiff's summary judgment motion and Local Rule 56.1 materials (Dkt. No. 150), is denied. The Court initially set a briefing schedule for the parties' cross motions for summary judgment of: motions to be filed by November 19, 2012, responses December 7, 2012, and replies December 21, 2012. (Dkt. Nos. 125, 126). Plaintiff filed his motion for summary judgment by the November 19th date, but Defendants sought, and received an extension of time to file their motion to December 3rd. (Dkt. Nos. 128, 132). The Court reset Plaintiff's response to January 4, 2013, and Defendants' reply to January 18th.

Defendants' motion for an extension of time did not address their due date to respond to Plaintiff's motion for summary judgment. Defendants did not file their response on the original December 7th due date. Instead, they filed their response to Plaintiff's summary judgment motion on January 4th. In essence, Defendants used the extension of time to adjust the briefing schedule on both their summary judgment motion, and Plaintiff's summary judgment motion.

Plaintiff argues that Defendants' response to his summary judgment motion was due on December 7th, and the January 4th response should be stricken. Plaintiff is correct that Defendants' motion for an extension of time only addressed the schedule for their summary judgment motion, and did not raise Plaintiff's summary judgment motion schedule. Defendants certainly should have been more careful on this point.

But to strike Defendants' response as Plaintiff requests is unreasonable. Plaintiff was not prejudiced in any way by Defendants filing of their response in January instead of December. Plaintiff did not object in December when Defendants' filing was due. Thus, he sat on this argument for over a month hoping to win his summary judgment motion on this most narrow of technicalities.

**STATEMENT**

The Court has the inherent authority to allow extensions of time to respond to motions. Fed. R. Civ. P 6(b). Defendants should have been more careful when bringing their extension motion to request both an extension for filing of their motion, and the response date to Plaintiff's motion. It appears that Defendants thought that their granted extension inherently addressed both motion. Yet, as there is zero prejudice to Plaintiff, the Court denies his request to strike their response. Plaintiff may file his reply in support of his summary judgment motion by no later than February 22, 2012. The Court will consider all matters fully briefed after the filing of Plaintiff's February 22, 2012 reply.

*[signature]*